IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

DANIEL QUILLMAN,

                         OPINION AND ORDER

               Plaintiff,

                              12-cv-849-bbc

       v.

CAROLYN COLVIN,

               Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

       This is an appeal of an administrative decision denying plaintiff Daniel Quillman's claim under the Social Security Act, 42 U.S.C. § 405(g), for disability benefits for the period from February 1, 2009, to April 23, 2010. The administrative law judge concluded that plaintiff's contractures in his right knee and both ankles were severe impairments but that plaintiff was not disabled because he could perform some sedentary work. Plaintiff argues that the administrative law judge made five errors in her decision that require reversal: (1) she did not adequately consider whether plaintiff has a listed impairment under 20 C.F.R. Part 404, Subpart P, Appendix 1; (2) she did not give proper weight to the opinion of plaintiff's podiatrist; (3) she did not consider the effect of plaintiff's obesity on his impairments; (4) she did not adequately consider plaintiff's sitting limitations; and (5) she did not properly assess plaintiff's credibility. Because I conclude that the administrative law judge did not adequately consider whether plaintiff's impairment is a "Major dysfunction

of a joint" under Listing 1.02 and made errors in assessing plaintiff's credibility, I am reversing the decision.

OPINION

A. Standard of Review

The standard by which a federal court reviews a final decision by the commissioner is well settled: the commissioner's findings of fact are "conclusive" so long as they are supported by "substantial evidence." 42 U.S.C. § 405(g). Substantial evidence means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971). The decision cannot stand if it lacks evidentiary support or "is so poorly articulated as to prevent meaningful review." Steele v. Barnhart, 290 F.3d 936, 940 (7th Cir. 2002). When the administrative law judge denies benefits, she must build a logical and accurate bridge from the evidence to her conclusion. Zurawski v. Halter, 245 F.3d 881, 887 (7th Cir. 2001).

B. Listed Impairment

If the administrative law judge determines that the claimant has a "severe" impairment within the meaning of 20 C.F.R. 404.1520, she must determine next whether the impairment "meets or equals a listed impairment" in 20 C.F.R. Part 404, Subpart P, Appendix 1. If it does, the claimant is disabled as a matter of law. 20 C.F.R. § 404.1509.

In this case, the administrative law judge concluded that plaintiff had contractures

2

in his right knee and both ankles that qualified as severe impairments. She then considered

whether the impairments met or equaled Listing 1.02, "Major dysfunction of a joint."

Among the requirements for that listing is an "inability to ambulate effectively," which is

defined as

> an extreme limitation of the ability to walk; i.e., an impairment(s) that
> interferes very seriously with the individual's ability to independently initiate,
> sustain, or complete activities. Ineffective ambulation is defined generally as
> having insufficient lower extremity functioning . . .  to permit independent
> ambulation without the use of a hand-held assistive device(s) that limits the
> functioning of both upper extremities.

20 C.F.R. Part 404, Subpart P, Appendix 1, § 1.00(B)(2)(b)(1).  In the next section, the

regulation provides various examples of "ineffective ambulation," including "the inability to

walk a block at a reasonable pace on rough or uneven surfaces."  Id. at § 1.00(B)(2)(b)(2).

In her decision, the administrative law judge considered whether plaintiff's impairment met

or equaled Listing 1.02, but she did not discuss the example of "ineffective ambulation"

quoted above, which plaintiff says was an error.

As an initial matter, the commissioner argues that plaintiff cannot meet or equal

Listing 1.02 because plaintiff does not require "the use of a hand-held assistive device(s) that

limits the functioning of both upper extremities," which the commissioner says is a

requirement for any impairment to fall under Listing 1.02.  However, as plaintiff points out,

the commissioner made the same argument in Moss v. Astrue, 555 F.3d 556, 562-63 (7th

Cir. 2009), but the court of appeals held that a plaintiff may show that he is unable to

ambulate effectively if one or more of the examples in the regulation applies to him, even if

he does not use an assistive device that limits the functioning of both upper extremities.

3

Although plaintiff cited <u>Moss</u> in his opening brief, the commissioner ignored the case in her response.

Alternatively, the commissioner argues that the evidence does not establish that plaintiff is unable to walk a block on uneven surfaces, but this argument is a nonstarter because the administrative law judge expressly found in her decision that plaintiff "could not walk on uneven surfaces." AR 40. Accordingly, I agree with plaintiff that the case must be remanded so that the administrative law judge can reconsider her decision regarding Listing 1.02.

## C. <u>Treating Physician</u>

Plaintiff argues that the administrative law judge erred by failing to give proper weight to the opinion of Timothy Rusthoven, plaintiff's podiatrist from 1996 to January 2009 and the only treating physician who gave an opinion about plaintiff's limitations. AR 430. A treating physician's opinion is entitled to controlling weight if it is "well supported by medical findings and not inconsistent with other substantial evidence in the record." <u>Gudgel v. Barnhart</u>, 345 F.3d 467, 470 (7th Cir. 2003) (citing 20 C.F.R. § 404.1527(d)(2)). Even when the treating physician's opinion is not entitled to controlling weight, the administrative law judge must give a "sound explanation" for rejecting the opinion. <u>Punzio v. Astrue</u>, 630 F.3d 704, 709-10 (7th Cir. 2011).

In February 2010, Rusthoven prepared a "physical residual functional capacity questionnaire" for plaintiff. AR 430-35. Rusthoven wrote that plaintiff suffered from

4

"malalignment of his right foot and ankle with severe supinatory position of the foot resulting in severe pain with weight bearing." AR 430. In response to a question whether plaintiff's feet should be elevated "[w]ith prolonged sitting," Rusthoven circled "yes" and wrote "80%" in response to a question of what percentage of time plaintiff's feet should be elevated at a sedentary job. AR 433-34. Rusthoven concluded that plaintiff could not lift and carry ten pounds. AR 434.

In response to an instruction to identify how long plaintiff can "continuously sit and stand at one time," Rusthoven wrote, "I suspect he needs to sit as much as possible, I haven't seen him for a year now." AR 432. In response to an instruction to indicate how long plaintiff can "sit and stand/walk total in an 8 hour day working day," Rusthoven wrote, "I suspect he is in pain almost all the time he stands/walks." AR 433. Rusthoven wrote that he was "not sure" in response to questions whether plaintiff needs a job that permits him to shift positions from sitting, standing or walking and whether plaintiff would need to take unscheduled breaks during the work day. Id.

Rusthoven wrote that he was "unable to evaluate" whether plaintiff's impairments would likely produce "good days" and "bad days" and how often plaintiff's impairments would cause him to be absent from work. AR 435. In addition, he wrote that he was unable to evaluate plaintiff's mental health condition or any physical limitations unrelated to plaintiff's feet. Finally, in response to a question whether plaintiff needed an assistive device to walk or stand, Rusthoven wrote, "Haven't seen him in a year, but every time he comes in his symptoms are worse. He may need a device by now." AR 435.

In discussing Rusthoven's opinion, the administrative law judge initially stated that she gave "some weight" to the opinion and "acknowledge[d] the degree of pain and limitation on walking and standing" that Rusthoven described.  AR 45.  However, the administrative law judge stated that Rusthoven had been unable to answer most of the questions on the questionnaire; he did not provide any medical basis for his findings that plaintiff's foot should be elevated 80 percent of the time or that plaintiff could not lift even ten pounds; and he suggested that plaintiff might need an assistive device while admitting that he had not seen plaintiff in a year.  The administrative law judge concluded by stating that she "does not give Dr. Rusthoven's opinion controlling weight, and, in fact, gives it little weight."  AR 45.

Plaintiff challenges the administrative law judge's conclusion on multiple grounds. First, plaintiff says that the administrative law judge failed to evaluate Rusthoven's opinion using the "checklist of factors" in 20 C.F.R. § 404.1527(c), including the length and extent of the plaintiff's relationship with the physician, the frequency of examination, the physician's speciality, the type of tests performed and the "consistency" and "supportability" of the physician's opinion. With respect to the medical basis for Rusthoven's opinions, plaintiff speculates that Rusthoven may have concluded that plaintiff needed to elevate his legs 80 percent of the time because of diagnoses of edema in 2005 and 2009 and that the lifting and carrying restriction "may have been based on the pain that was caused by putting weight on the right foot."  Plt.'s Br., dkt. #13, at 10.  To the extent that the bases for Rusthoven's opinions were not clear, plaintiff says that the administrative law judge should

6

have contacted Rusthoven for clarification.

It is true that the administrative law judge did not expressly consider all of the factors listed in § 404.1527, a common omission in social security decisions. That is unfortunate, in light of the decisions in which the court of appeals has criticized administrative law judges for failing to discuss the factors. <u>Campbell v. Astrue</u>, 627 F.3d 299, 306-09 (7th Cir. 2010); <u>Larson v. Astrue</u>, 615 F.3d 744, 751 (7th Cir. 2010). However, in this case, it is not clear how a consideration of the factors would support plaintiff's case.

For example, Rusthoven did not do any testing and, as the commissioner points out, the answers to his 2010 questionnaire were inconsistent with his 2009 opinion that plaintiff could work. AR 442. Plaintiff points to the length of his relationship with Rusthoven, but it is not clear how that is helpful because Rusthoven admitted when he prepared the questionnaire that it had been more than a year since he last examined plaintiff and he had concluded at that time that plaintiff could return to work within two days.

With respect to the medical basis for Rusthoven's opinion that plaintiff needed to elevate his feet 80 percent of the time, plaintiff's suggestion that Rusthoven had concluded that plaintiff still suffered from edema is questionable in light of the absence of any examination by Rusthoven at the time. With respect to the opinion that plaintiff could not lift ten pounds, plaintiff points to no medical finding supporting a conclusion that his foot problems were so serious as to cause such a limitation. In fact, that finding is inconsistent with plaintiff's own statement from October 2009 that he could carry 15 pounds without stressing his ankle, hip or back. AR 414.

With respect to the administrative law judge's failure to contact Rusthoven, that requirement applies when ambiguities in the record make it impossible for the administrative law judge to make a disability determination, Skarbek v. Barnhart, 390 F.3d 500, 504 (7th Cir. 2004); she is not required to contact a physician simply because she finds an opinion unpersuasive, Simila v. Astrue, 573 F.3d 503, 516 (7th Cir. 2009), which was the situation in this case.

All that being said, because the case is being remanded for other reasons, the administrative law judge may wish to address these issues to avoid a future appeal.  In particular, the administrative law judge may wish to consider the checklist of factors expressly, consider whether Rusthoven's opinions have any medical basis and consider whether she should recontact Rusthoven to get clarification.

## D.  Obesity

Under SSR 02-1p, the administrative law judge must consider the effects of a claimant's obesity on his ability to work.  A claimant is obese if his body mass index is 30 or greater.  In his opening brief, plaintiff argues that he had a body mass index of 35.2, citing his own testimony from the administrative hearing that he weighs 230 pounds.  AR 103. He does not cite any evidence for his height or even identify what it is.  In her response, the commissioner cites other testimony of plaintiff that he is 6'2", AR 93, which would give him a body mass index of 29.5.

In his reply brief, plaintiff cites a document from October 2009 stating that he weighs

267 pounds and is 6'1", AR 420, which would give him a body mass index of 35.2. Although plaintiff cites no authority for the view that the administrative law judge is required to search the record to find evidence of obesity that contradicts the claimant's own testimony, again, because I am remanding the case for other reasons, the administrative law judge should address the discrepancy between plaintiff's testimony and the cited document when issuing a new decision.

## E.  Sitting Limitation

Plaintiff frames this issue more generally as whether the administrative law judge properly assessed plaintiff's residual functional capacity.   However, the only issue he develops in his briefs is whether the administrative judge adequately explained her conclusion that plaintiff could perform sedentary jobs in light of his testimony that he experiences pain in his right hip if he sits for "too long."  AR 105.

I see no merit to this argument.  Even if plaintiff's testimony is accepted as true, the administrative law judge accounted for the limitation by stating in her assessment that plaintiff "could sit 6 of 8 hours with shifting from sitting to standing to relieve pain/discomfort in the work station." AR 40.  As the commissioner points out, that finding is consistent with the opinion of Rusthoven as well as the opinions of the consulting physician who examined plaintiff (Ward Jankus) and the state agency consultant (Hilda Martin).  AR 416 and AR 423.  Accordingly, I conclude that the administrative law judge adequately considered plaintiff's sitting limitation.

F.  Credibility

The administrative law judge found that plaintiff's "statements concerning the intensity, persistence and limiting effects of [his] symptoms are not credible to the extent that they are inconsistent with the above residual functional capacity assessment." AR 44. She discussed several reasons to support that conclusion.

First, the administrative law judge discussed plaintiff's work before and after the claimed period of disability, February 2009 to April 2010.  Before February 2009, plaintiff had been able to work repairing cars even though "this has been a nearly lifelong condition." AR 44 and 96. (Plaintiff was born in 1987. AR 420.)  Because there was "no precipitating event" in 2009, plaintiff's previous ability to work supports a view that he could work in 2009 and 2010 as well.  After April 2010, plaintiff "was able to work on a full-time competitive basis and has sustained that work" (as an operator of a plastic injection molding machine) even though he does not allege that his condition has improved.  AR 44 and 93-94.

Second, the administrative law judge discussed plaintiff's failure to seek additional treatment.  In particular, he does not use an assistive device for ambulation, relies solely on nonprescription medication for his pain and has not attempted to obtain the orthotics prescribed for him, even after he began working again.  The administrative law judge inferred from plaintiff's statement that he gives some of his income to his mother that he has some discretionary income.  In addition, the administrative law judge noted that plaintiff had not been denied treatment because of "an unpaid bill or lack of insurance." AR 44.

10

Third, the administrative law judge found that plaintiff's allegation that he must keep his leg elevated 80 percent of the day was not supported by the medical evidence, with the exception of Rustohoven's conclusory statement in the February 2010 questionnaire. Further, when plaintiff had a medical appointment for his shoulder in March 2010, he said nothing about any swelling in his foot.  Id.

Finally, the administrative law judge noted that plaintiff has been able to engage in a number of daily living activities, such as household chores, driving, visiting friends, playing games and watching television.  AR 45.

Plaintiff challenges much of the administrative law judge's reasoning.  In particular, plaintiff says that the administrative law judge should not have (1) used boilerplate that plaintiff's statements "are not credible to the extent that they are inconsistent with the above residual functional capacity assessment"; (2) relied on plaintiff's return to work as proof that he is not disabled without acknowledging that plaintiff is not working full time or considering plaintiff's "desperate" financial situation; (3) relied on plaintiff's failure to seek more treatment without considering his ability to pay for that treatment; and (4) relied on plaintiff's daily activities without explaining how those activities are inconsistent with an ability to work.

An administrative law judge's determinations regarding credibility are entitled to deference because that judge has the ability to see and hear the testimony, but that deference does not excuse the administrative law judge from explaining the reasons for her determination.  Castile v. Astrue, 617 F.3d 923, 929 (7th Cir. 2010).  The requirement to

11

build an "accurate and logical bridge" between the evidence and the decision still applies.
Id.

The commissioner all but concedes that the administrative law judge erred by using the boilerplate language regarding credibility and relying on plaintiff's ability to do certain daily activities as evidence that plaintiff is not disabled.  The court of appeals has criticized the boilerplate in multiple published opinions as "meaningless"  because it "backwardly implies that the ability to work is determined first and is then used to determine the claimant's credibility," Shauger v. Astrue, 675 F.3d 690, 696 (7th Cir. 2012) (internal quotations omitted), and  because it " fail[s] to indicate which statements are not credible and what exactly 'not entirely' is meant to signify." Spiva v. Astrue, 628 F.3d 346, 348 (7th Cir. 2010).  See also Roddy v. Astrue, 705 F.3d 631, 635 (7th Cir. 2013) (court "has consistently criticized" this "boilerplate"); Bjornson v. Astrue, 671 F.3d 640, 645–46 (7th Cir. 2012) ("[T]he boilerplate implies that the determination of credibility is deferred until ability to work is assessed without regard to credibility, even though it often can't be"); id. at 646 (directing Social Security Administration to "take a close look at the utility and intelligibility of its 'templates'"); Parker v. Astrue, 597 F.3d 920 (7th Cir. 2010) (language is "meaningless boilerplate" because "statement by a trier of fact that a witness's testimony is 'not entirely credible' yields no clue to what weight the trier of fact gave the testimony."). The administrative law judge should omit this language from any new decision she issues after remand.

With respect to plaintiff's daily activities, the court of appeals has repeatedly

cautioned that a person's ability to perform daily activities does not necessarily translate into an ability to work full-time, especially if that can be done only with significant limitations. Roddy, 705 F.3d at 639.  In Bjornson, 671 F.3d at 647, the court explained the problem: "The critical differences between activities of daily living and activities in a full-time job are that a person has more flexibility in scheduling the former than the latter, can get help from other persons and is not held to a minimum standard of performance, as she would be by an employer."  The court added that "[t]he failure to recognize these differences is a recurrent, and deplorable, feature of opinions by administrative law judges in social security disability cases." Id. (citing Punzio v. Astrue, 630 F.3d 704, 712 (7th Cir. 2011); Spiva, 628 F.3d at 351–52; Gentle v. Barnhart, 430 F.3d 865, 867–68 (7th Cir. 2005); Draper v. Barnhart, 425 F.3d 1127, 1131 (8th Cir. 2005); Kelley v. Callahan, 133 F.3d 583, 588–89 (8th Cir. 1998); Smolen v. Chater, 80 F.3d 1273, 1284 n.7 (9th Cir. 1996)).  In this case, the administrative law judge did not explain how any of plaintiff's daily activities are inconsistent with a finding of disability.  It is particularly puzzling how activities such as "watching television" or "playing games" would show that plaintiff is able to work.  On remand, the administrative law judge should either forgo any reliance on these activities or explain in more detail how they undermine plaintiff's credibility.

Plaintiff's other criticisms are not as clear cut.  With respect to the administrative law judge's reliance on plaintiff's engaging in work as evidence that he is not disabled, the administrative law judge relied not just on plaintiff's work after 2010, but also on the fact that plaintiff had worked consistently *before* the alleged onset date even though there was no

13

"precipitating event" that caused him to get worse.  Plaintiff does not address this issue in either of his briefs.

With respect to plaintiff's failure to seek additional treatment, plaintiff is correct that the administrative law judge must consider the claimant's financial condition as a possible reason for not obtaining more treatment.  Hawkins v. First Union Corporation Long-Term Disability Plan, 326 F.3d 914, 918 (7th Cir. 2003).  However, the administrative law judge stated that plaintiff made no attempt to save for orthotics even when he was competitively employed and that he did not use any type of assistive device for walking.  Again, plaintiff does not address those observations in either of his briefs.  However, for completeness, on remand the administrative law judge should more fully address plaintiff's argument that both his decision to work and his lack of medical treatment are caused by his financial condition.

Finally, in the context of the section in his briefs on credibility, plaintiff argues that the administrative law judge failed to "evaluate [his] allegations that he suffered extreme pain."  Plt.'s Br., dkt. #13, at 20.  This argument is puzzling because most of the administrative law judge's opinion is about  plaintiff's pain, which was the primary symptom plaintiff alleged.  Although the administrative law judge found that plaintiff's impairments could cause his symptoms, she found that the record did not support his statements about the "intensity, persistence and limiting effects" of his symptoms.  AR 44.  In addition to discussing plaintiff's credibility, the administrative law judge also considered the opinions of the consulting physician who examined plaintiff and the state agency physician, who both concluded that plaintiff could perform sedentary jobs, despite his allegations of pain.  AR 46.

14

Plaintiff does not challenge either of those opinions in his briefs.  Accordingly, I disagree with plaintiff's argument that the administrative law judge failed to consider plaintiff's pain symptoms.  However, because the administrative law judge will be required to conduct a new credibility assessment for the reasons discussed above, she may wish to reconsider her conclusions about plaintiff's pain in the context of that new assessment.


ORDER

IT IS ORDERED that the decision of defendant Carolyn Colvin denying plaintiff Daniel Quillman's application for Disability Insurance Benefits and Supplemental Security Income is REVERSED AND REMANDED under sentence four of 42 U.S.C. § 405(g). The clerk of court is directed to enter judgment for plaintiff and close this case.

Entered this 24th day of October, 2013.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge

15